Jon L. JARRETT
v.
GENERAL MOTORS CORPORATION.
Gilbert H. DeHART
v.
GENERAL MOTORS CORPORATION,
Defendant,
and
Jon Lewis JARRETT, Third-Party
Defendant.

Civ. A. Nos. 69–900, 68–2161.

United States District Court
E. D. Pennsylvania.

Oct. 31, 1969.

Lawrence E. Grant, Philadelphia, Pa., for John L. Jarrett.

W. Bradley Ward, Philadelphia, Pa., for defendant.

## MEMORANDUM ORDER

HIGGINBOTHAM, District Judge.

Before the Court are defendant's motion to dismiss in Civil Action No. 69–900 and third-party defendant's motion to amend in Civil Action No. 68–2161.

In an accident which occurred on April 25, 1967, Jarrett was driving an automobile manufactured by General Motors and owned by DeHart with De-Hart as a passenger. DeHart filed Civil Action No. 68–2161 naming General Motors Corporation as defendant. General Motors Corporation in turn filed a third-party complaint against the driver, Jarrett.

On April 10, 1969, Jarrett answered the third-party complaint, but did not file any counterclaim against defendant-third-party plaintiff, General Motors Corporation. Two weeks later, Jarrett instituted a separate suit, Civil Action No. 69–900, against General Motors Corporation.

■ Counsel for General Motors Corporation rightly asserts that Jarrett's claim against General Motors Corporation, set forth in the complaint in Civil Action No. 69–900, is a compulsory counterclaim, and that therefore Civil Action No. 69–900 cannot be maintained. In third-party defendant Jarrett's brief in support of a motion to amend Civil Action No. 68–2161, Jarrett admits that "his case arises out of the same occurrence as is the subject matter of this (Civil Action No. 68–2161) suit and is properly a counter-claim."

Rule 13(a) of Federal Rules of Civil Procedure speaks in mandatory terms: "A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." (emphasis added.) And the Supreme Court, in Southern Construction Co. v. Pickard, 371 U.S. 57 at 60, 83 S.Ct. 108, at 110, 9 L.Ed.2d 31 (1962) has stated that Rule 13(a) was meant to prevent one who has failed to assert a counterclaim from instituting a second action based on the omitted counterclaim: "The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which the counterclaim became the basis of the complaint."

Defendant General Motors Corporation's motion to dismiss in Civil Action No. 69–900 should be granted.

■ But does it follow that because Jarrett's complaint in the later action should be dismissed for failure to file a compulsory counterclaim, that Jarrett cannot amend his third-party answer in Civil Action No. 68–2161 by including a counterclaim filed nunc pro tunc?

In argument before the Court the following colloquy took place with plaintiff's counsel:

"THE COURT: Is your position in substance that despite your expertise as a practitioner in this field that you were not fully aware of the compulsory counterclaim aspect; that it must be filed as a compulsory counterclaim, and that you did not have the option to file a separate suit?

"MR. GRANT: I thank Your Honor and Mr. Ward for the compliment included in that question, but my answer is, Yes, that is true. I was not aware fully of this requirement, and frankly it was never brought to my attention until I received Mr. Ward's motion to dismiss."

Thus we have here a case of counsel error in not recognizing the difference between a situation where one *had to* file a compulsory counterclaim and where one *could* file an independent suit.

Had Jarrett not been sued as a third party defendant, his later suit, which will be dismissed, would have been timely filed and should have been consolidated with Civil Action No. 68–2161. In such a case, General Motors Corporation would have had no standing to have Jarrett's suit dismissed.

Defendant, General Motors Corporation, can direct the Court's attention to *no* factual prejudice, such as an inability to investigate facts, which would arise as a result of allowing Jarrett to amend his answer in Civil Action No. 68–2161.

Rule 13(f) of the Federal Rules of Civil Procedure states: "Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

One distinguished commentator has this to say about Rule 13(f):

"Subdivision (f) will find its most useful application in the case of compulsory counterclaims. Inasmuch as a party could later be met successfully with a plea of res judicata in a suit on a claim within subdivision (a) which he had failed to plead, the courts should be very liberal in allowing amendments to include compulsory counterclaims * * * where no prejudice would result, where the pleader has not been guilty of inexcusable neglect, or has not by reprehensible conduct deprived himself of any claim to special consideration by the court." 3 Moore's Federal Practice 89.

Third-party defendant Jarrett's case is indistinguishable from the situation described by Professor Moore.

Goldlawr, Inc. v. Shubert, 268 F.Supp. 965 (E.D.Pa., 1967) cited to the Court by General Motors Corporation in opposition to Jarrett's motion to amend is distinguishable on its facts inasmuch as defendants there attempted to assert a counterclaim *ten* years after the commencement of the first litigation. Here, Jarrett sought to amend his answer to the third-party complaint within a matter of weeks and *within two weeks* after filing the answer, Jarrett did in fact file a complaint which had all of the appropriate allegations which would have been in a timely counterclaim. Finding inadvertence, I shall grant Jarrett's motion to amend in Civil Action No. 68–2161.

### ⌐ ORDER

And now, this 31st day of October, 1969, it is hereby ordered that third-party defendant's motion to amend by filing a counterclaim in Civil Action No. 68–2161 is granted and as a result of the Order granting the right to amend by filing a counterclaim, the defendant's motion to dismiss Civil Action No. 69–900 is granted.